FROUDE, appellant, v. FROUDE.

*Commission to take testimony — when other than statutory form allowable.*

Where it appeared that there was no difficulty in obtaining the testimony of a witness in France by a commission issued under the provisions of the New York Statutes, *held*, that a commission rogatory for the examination of the witness by the French courts would not be granted.

The statutory form of commission will not be departed from unless the court cannot otherwise get the testimony required.

APPEAL from an order of the special term denying a motion for a commission rogatory, to take the testimony of a resident of France.

The action was for divorce on the ground of the alleged adultery of the defendant. On September 22, 1873, a motion was made by plaintiff for a commission rogatory, to take the examination of one Mannier, residing in France, as a witness for plaintiff. This motion was denied by Mr. Chief Justice INGRAHAM. A second motion, with the same object, was made October 22, 1873, before Mr. Justice FANCHER, and by him denied, and an order was taken by plaintiff for an ordinary commission under the statute. Pursuant thereto, such a commission was issued, addressed to the United States Consul at Nice, which was executed and the examination of the witness reduced to writing and sworn to, and the same has been returned and filed. The plaintiff now made a motion, founded upon an order to show cause for a commission rogatory, further to examine the witness, Mannier, and to examine one Liffert. The plaintiff's affidavits are to the effect that the courts of France execute such commissions, but decline to aid in the execution of statutory commissions; also, setting out the fact that the witness, Mannier, had testified fully and circumstantially as to all the facts as to which she was interrogated in the commission before a French court at Nice, four months previously to her examination under the commission, and that on the last examination she denied all knowledge of the matters inquired of. Justice BRADY denied this motion, and from the order entered thereon is this appeal.

*Charles E. Whitehead,* for appellant, cited as to the practice of the English courts to issue commissions rogatory to counties where the civil law prevails, *Lurnley* v. *Gee,* 3 Ellis & Black, 114; *Clay* v. *Stephenson,* 7 Ad. & Ellis, 185; *Bolin* v. *Melliden,* 5 Eng. L. & Eq. 387; 3d ed. 585; *Ponsford* v. *O'Connor,* 5 M. & W. 573; *Fischer* v. *Izataray,* 1 El. Black & El. 321; *Pole* v. *Rogers,* 3 Bing. (N. C.) 780; also the American cases of *Nelson* v. *State,* Peters' C. C. 235; *Lincoln* v. *Battelle,* 6 Wend. 475, and *Caujolle* v. *Ferrie,* 23 N. Y. 93.

*Joseph Larocque,* for respondent.

DONOHUE, J. In this case the plaintiff applied to the court below to allow him to examine two witnesses abroad, under a commission to be issued to the French courts, at the place of residence of the witnesses, to procure such examination orally; the reason given being that one of the witnesses had already been examined,

and, as claimed, testified falsely, and the other, it is apprehended by the plaintiff, would do so. The court below denied the application, and from that order the plaintiff appealed. I think the court below was right. The Revised Statutes, part III, chap. 7, tit. 3, art. 2 (2 R. S. 393), fix the mode of taking testimony abroad, and the cases cited by the plaintiff, as well as defendant, establish the rule that this is not departed from unless the court cannot otherwise get the testimony. *Lincoln* v. *Battelle,* 6 Wend. 478, is a case in point. The cases cited from the English reports must be viewed in the light of the English rule, which has always been averse to taking testimony except in presence of the parties, and has always appeared to excuse itself when adopting testimony taken in any other way. Hoffman's Chancery Practice (page 481) lays down the rule as practiced here in equity cases.

To adopt the cumbrous and expensive rule of the English courts on this subject, or open commissions, would be to subject parties to disastrous delays and expenses. If the rule were adopted that whenever a party thinks his testimony could be better taken by such commission he could have it, his opponent would, at his peril, have to accompany him, and perhaps find, when he had gone to such country as his opponent desired to send him, and had incurred the expense of employing counsel, that no witnesses were produced. Again, to adopt this system would be to subject all our causes to the rules of evidence and mode of examination under the laws of each particular country to which the commission would go.

In this case the facts show that no difficulty exists in obtaining the execution of a commission in our own form. It has been done in this case, and no pretense exists that it cannot be done as to the other witness. The mere statement that plaintiff expects in this way to get different testimony is not enough. *Raney* v. *Weed,* 1 Barb. 220. Should the witness already examined testify differently, the testimony would be worthless; and as to the other, such fact is not to be presumed. Again, it is a question, in the absence of all settled form of taking the testimony in our courts, whether we are prepared to sanction the mode of taking testimony adopted in some cases under the civil law. The order appealed from should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

*Order affirmed.*